UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ALBERTINO BERNARDO<br>Plaintiff<br><br>v.<br><br>TIMOTHY F. LEBLANC,<br>Defendant | |

## COMPLAINT AND JURY DEMAND

### PARTIES

1. Plaintiff Albertino Bernardo ("Plaintiff") is a resident of Bradford, Essex County, Commonwealth of Massachusetts.

2. Defendant Timothy F. LeBlanc ("Defendant") is a resident of Peabody, Essex County, Commonwealth of Massachusetts.

### FACTUAL ALLEGATIONS

3. From July 2020 to February 2022, Defendant employed Plaintiff as a laborer for his landscaping and property services businesses, which do business under the names "Mystic Landscaping" and "Mystic Property Services" respectively.

4. Upon information and belief, neither "Mystic Landscaping" nor "Mystic Property Services" are incorporated or otherwise registered as business entities with the Commonwealth of Massachusetts but are owned and operated by Defendant Leblanc as a sole proprietor.

## SUBJECT MATTER JURISDICTION

5. Jurisdiction is proper in this court pursuant to 28 U.S.C. § 1331, federal question.

## COUNT I
## Violation of the Fair Labor Standards Act, 29 U.S.C. § 207(a)
## Failure to Pay Overtime Wages

6. Defendant's employment of Plaintiff and similarly situated employees was subject to the overtime pay requirements of the Fair Labor Standards Act, 29 U.S.C. § 207(a) ("the FLSA").

7. The FLSA requires a covered employer like Defendant to pay covered employees like Plaintiff 1.5 times their regular rate of pay for all hours they work more than 40 hours in their regularly recurring seven-day workweeks.

8. During the time he was employed by Defendant, Plaintiff worked more than 40 hours in many of the regularly recurring seven-

day workweeks Defendant used to calculate wages due and owing Plaintiff, including when he was engaged in snow plowing.

9. In violation of the FLSA, however, Defendant only paid Plaintiff straight time for the hours he worked more than 40 in those workweeks.

10. Defendant's violation of the law has harmed, injured, and damaged Plaintiff.

## COUNT II
## Violation of the Massachusetts Overtime Law
## Failure to Pay Overtime Wages

11. Plaintiff incorporates by reference all allegations made herein.

12. Defendant's employment of Plaintiff was subject to the Massachusetts Overtime Law, G.L. c. 151, § 1A.

13. For the same reasons that Defendant violated the FLSA, as set forth in Count I, Defendant also violated the Massachusetts Overtime law.

14. Defendant's violation of the law has harmed, injured, and damaged Plaintiff.

## COUNT III
## Collective Action Claim Under 29 U.S.C. § 216(b)

15. Plaintiff incorporates by reference all previous allegations made herein.

16. Plaintiff brings his claims under the FLSA on behalf of himself and all similarly situated employees as part of a collective action pursuant to 29 U.S.C. § 216(b).

17. A collective action under the FLSA is appropriate here because Plaintiff and similarly situated employees were uniformly subject to the same overtime violations under the FLSA, including by not paying employees their overtime wages due under the law when they worked in excess of 40 hours in their workweeks.

18. Attached hereto as Exhibit 1 is an FLSA Consent Form signed by Plaintiff, in which, pursuant to 29 U.S.C. § 216(b) he consents to be represented by undersigned counsel to recover unpaid overtime wages under the FLSA, including as part of a collective action.

## COUNT IV
## Class Action Claim
## Violation of the Massachusetts Overtime Law

19. All allegations made herein are repeated and incorporated by reference.

20. Plaintiff brings Counts II of this Complaint on behalf of himself and similarly situated employees of Defendant as a putative Rule 23 class action pursuant to G.L. c. 151, § 1A and Rules 23(a) and (b) of the Federal Rules of Civil Procedure for Defendant's violations of the law.

21. The putative Rule 23 Class ("the Rule 23 Class") is defined to include:

> 22. All employees Defendant has employed as laborers in Massachusetts from on or after July 5, 2020, to the present.

23. The persons in the Rule 23 Class identified above are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown at this time, upon information and belief, Defendant employed more than 40 persons who satisfy the definition of the Rule 23 Class during the class period.

24. There are questions of law and fact common to the Rule 23 Class that predominate over any questions solely affecting individual members.

25. Plaintiff's claims are typical of those of the Rule 23 Class. Plaintiff, like other members of the Rule 23 Class, was subject to Defendant's illegal practices in failing to pay overtime due under Massachusetts law. The members of the Rule 23 Class have all been injured in that they have not been properly paid overtime wages due to Defendant's common policies, practices, and patterns of conduct.

26. Plaintiff will fairly and adequately protect the interests of the Rule 23 Class and has retained counsel experienced in complex wage and hour class and collective action litigation. There is no conflict between Plaintiff and the Rule 23 Class members.

27. A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage-and-hour litigation, where individual plaintiffs lack the financial resources to vigorously prosecute separate lawsuits in federal court against a large corporate defendant.

28. Class certification of Count II is appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the Rule 23 Class predominate over any questions affecting only individual members, and because a class action is superior to other available

methods for the fair and efficient adjudication of this litigation. Defendant's common and uniform policies and practices denied the Rule 23 Class proper payment of compensation to which they are entitled. The damages suffered by the individual Rule 23 Class members are small compared to the expense and burden of individual prosecution of this litigation. In addition, class certification is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendant's practices.

## JURY DEMAND

PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL CLAIMS SO TRIABLE.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff and the Rule 23 Class pray that this Court:

A. Certify this case as a class action pursuant to G.L. c. 151, § 1A, or Mass. R. Civ. P. 23;

B. Award Plaintiff and similarly situated employees damages for Defendant's violation of the FLSA and Massachusetts Overtime Law;

C. Award Plaintiff and similarly situated employees treble damages, attorney's fees, and the costs of this litigation, as

mandated by the G.L. c. 149, § 150, and liquidated damages pursuant to 29 U.S.C. § 260;

D. Award Plaintiff and similarly situated employees pre- and post-judgment interest on all amounts awarded at the highest rate allowable by law; and

E. Award Plaintiff and similarly situated employees all such other and further relief to which Plaintiff and similarly situated employees may show themselves to be justly entitled.

>Respectfully submitted,
>
>PLAINTIFF ALBERTINO BERNARDO on behalf of himself and others similarly situated,
>
>By their Attorney,
>
>s/Daniel W. Rice
>Daniel W. Rice, BBO # 559269
>HARRINGTON RICE & MAGLIONE, LLC
>738 Main Street
>Hingham, MA 02043
>(781) 964-8377 (mobile)
>dwr@harringtonrice.com

Dated:  July 5, 2023

## CONSENT TO OPT-IN AS A PARTY PLAINTIFF

1. I, the undersigned individual, consent to opt-in to be a party plaintiff in a lawsuit against Defendant Timothy F. LeBlanc, doing business as "Mystic Landscaping" and "Mystic Property Services," in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b).

2. I hereby designate Attorney Daniel W. Rice, of Harrington Rice & Maglione, LLC, 738 Main Street, Hingham, MA, to represent me in this action, and to make decisions on my behalf concerning the litigation and settlement. I agree to be bound by any adjudication of this action by the Court, whether it is favorable or unfavorable. I further agree to be bound by any collective action settlement herein approved by my attorneys and approved by this Court as fair, adequate, and reasonable.

3. I also consent to join any other related action against Defendant(s) or other potentially responsible parties to assert my claim and for this Consent Form to be filed in any such action.

_[DocuSigned signature: E7CEF412DEAE41C...]_

Signature

Albertino Bernardo

Print Name